**MONTEIRO & FISHMAN LLP**
Marcus Monteiro, Esq.
*Email: mmonteiro@mflawny.com*
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Tel.: 516/280.4600
Fax: 516/280.4530
Attorneys for Plaintiffs
*MFLawNY.com*
*GetOvertimePay.com*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ALBERTO SAAVEDRA and HENRY GARCIA on behalf of themselves and others similarly situated,

Plaintiff,

-against-

HOSAM OTHMAN, RAMZI OTHMAN, FAT BOYZ BURRITO BAR INC., FAT BOY'S BURRITO CO. INC., FAT BOY'S BURRITO CENTRAL INC., and FAT BOY'S BURRITO CO. PATCHOGUE INC.,

Defendants.

Civil Case No. 2:26-6479

**COMPLAINT**

**FLSA COLLECTIVE ACTION &**
**RULE 23 CLASS ACTION**

Plaintiffs complaining of the Defendants HOSAM OTHMAN ("HOSAM"), RAMZI OTHMAN ("RAMZI"), FAT BOYZ BURRITO BAR INC., FAT BOY'S BURRITO CO. INC., FAT BOY'S BURRITO CENTRAL INC., and FAT BOY'S BURRITO CO. PATCHOGUE INC., (collectively referred to as the "CORPS.") herein, by their attorneys, MONTEIRO & FISHMAN LLP, upon information and belief, and at all times hereinafter mentioned, allege as follows:

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of himself, and others similarly situated current and former and current employees of Defendants who elect to opt into this action, that they are entitled to, under 29 U.S.C. § 201 *et seq*. ("FLSA"), *inter alia*, from Defendants: (i) unpaid wages for overtime work performed, (i) liquidated damages, (iii) attorneys' fees, (iv) interest, and (v) all costs and disbursements

associated with this action.

2. Plaintiffs further allege that they are entitled to, under New York Labor Law, Art. 6, §§ 190 *et seq*. and Art. 19, §§ 650 *et seq*., (collectively "NYLL"), and N.Y. Comp. Codes R. & Regs. Tit. 12, §§ 142 and 146 from Defendants: (i) unpaid wages for overtime work performed, (ii) unpaid spread of hours wages for each day Plaintiffs worked ten or more hours, (iii) liquidated damages for failure to pay overtime premium and spread of hours pay, (iv) liquidated damages for failure to furnish Plaintiff a notice and acknowledgment at the time of hiring, (v) attorneys' fees, (vi) interest, and (vii) all costs and disbursements associated with this action.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 due to Plaintiffs' claims under FLSA, and supplemental jurisdiction over the New York state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper as Defendants conduct business in Suffolk County, the wrongs complained of herein occurred in Nassau County and under 28 U.S.C. § 1391.

**PARTIES**

***Plaintiffs***

5. Plaintiffs resides in Suffolk County, New York.

***Corporate Defendants***

6. All Corporate Defendants herein as the "CORPS."

7. FAT BOYZ BURRITO BAR INC. is a New York Domestic Corporation located at 2496 Merrick Road, Bellmore, NY 11710 whose principal is Hosam Otham, residing at 3791 Lynn Lane, Wantagh, NY 11793 according to the DOS website.

8. FAT BOY'S BURRITO CO. INC. is a New York Domestic Corporation located at 4097 Jericho Turnpike, East Northport, NY 11731 whose principal is Hosam Otham, residing at 3791 Lynn

Lane, Wantagh, NY 11793 according to the DOS website.

9. FAT BOY'S BURRITO CENTRAL INC. is a New York Domestic Corporation located at 156 Gardiners Avenue, Levittown, NY 11756.

10. FAT BOY'S BURRITO CO. PATCHOGUE INC. is a New York Domestic Corporation located at 74 East Main Street, Patchogue, NY 11772 whose principal is Hosam Otham, residing at 3791 Lynn Lane, Wantagh, NY 11793 according to the DOS website.

***Individual Defendants***

11. Upon information and belief, HASOM and RAMZI are the corporate officers of the CORPS.

12. Defendants HASOM and RAMZI are in charge of hiring Plaintiffs.

13. Defendants HASOM and RAMZI decided the job duties that Plaintiffs performed.

14. Defendants HASOM and RAMZI determined Plaintiffs' hourly rate of pay.

15. Defendants HASOM and RAMZI determined Plaintiffs' work schedule.

16. Defendants HASOM and RAMZI determined the number of hours that Plaintiffs' worked.

17. Defendants HASOM and RAMZI participated, controlled, directed, and have operational control of the day-to-day operations of the CORP.

18. Defendants HASOM and RAMZI managed Plaintiffs' employment, including the amount of overtime that they worked each workweek.

19. Defendants HASOM and RAMZI dictated, controlled, and ratified the wage and hour and related employee compensation policies.

20. Defendants HASOM and RAMZI were aware of Plaintiffs' work hours but failed to pay Plaintiffs the full and proper amount of wages they were entitled to each week.

21. Upon information and belief, HASOM and RAMZI are: an officer, owns, is a majority

shareholder, an agent of, has active control of the CORPS., has operational control of the CORPS., sets the weekly work-hours of the employees, has the power to establish the wages of the employees of the CORPS., implemented and supervised the wage and hour practices and policies relating to employees, controlled significant business functions of the CORPS., determined employee salaries, made hiring decisions, maintains the employee records of the CORPS., acts directly and indirectly for and in the interest of the CORPS., hires and fires employees thereof, and exercises sufficient control of the operations of the Plaintiff so as to be an "employer" of Plaintiffs under FLSA 29 USC § 203(d), and N.Y. Lab. Law § 190(3).

22. HOSAM resides 3791 Lynn Lane, Wantagh, NY 11793 and 141A Manorhaven Blvd. Port Washington, NY 11050.

23. RAMZI resides 2569 Ocean Avenue, Bellmore, NY 11710.

**DEFENDANTS OPERATED THE CORPS. AS A SINGLE ENTERPRISE**

28. At all relevant times, the CORPS. constituted a single "enterprise" within the meaning of 29 U.S.C. § 203(r).

29. The CORPS. all share a website at https://fatboysburritoco.com/contact-us/ - however, the Levittown location is currently closed.

30. The CORPS. all share the same menu, logo and brand imaging.

31. The CORPS. at its websites states: "Welcome to Fat Boy's Burrito Co.! We're a fast-casual Mexican restaurant with three locations on Long Island in New York. We offer a variety of fresh Mexican food for dine-in, carry-out, or delivery." https://fatboysburritoco.com/.

32. The CORPS. would regularly employ 10-15 people at any one time per location. Through additions and attrition, the CORPS. employed over 40 persons.

33. The CORPS. hours of operation are as follows:

BELLMORE
2496 Merrick Rd

Bellmore, NY 11710
(516) 654-9162
HOURS:
Mon-Sat. . 8:30a–9:00p
Sunday ... Closed

EAST NORTHPORT
4097 Jericho Turnpike
East Northport, NY 11731
(631) 701-5454
HOURS:
Mon–Sat . .8:30a -9:00p
Sunday . . . 8:30a -7:00p

LEVITTOWN
Levittown, NY 11756
*Coming Soon!*

PATCHOGUE
74 East Main Street
Patchogue, NY 11772
(631) 296-2354
HOURS:
Mon–Sat. . 8:30a -9:00p
Sunday. . . 8:30a -7:00p

34. The CORPS. engaged in related activities through unified operation and/or common control for the common business purpose of owning, managing, and operating the CORPS. establishments for profit.

35. The CORPS. were commonly owned and/or financially controlled, directly or indirectly, by HASOM and RAMZI.

36. Defendants exercised centralized control over the CORPS. rather than operating each of the CORPS. as an economically independent establishment.

37. Defendants used common ownership and management to coordinate the CORPS. operations and employment practices.

38. The CORPS. shared common owners, principals, officers, managers, supervisors, and/or other management personnel – including "Alberto" who manages the CORPS.

39. Managers and supervisors at the CORPS. reported to the same owners and/or upper-level management, being primarily HASOM and RAMZI.

40. The same individuals possessed authority to make employment and operational decisions affecting employees at multiple the CORPS. locations, being primarily HASOM and RAMZI.

41. Defendants maintained common or substantially similar employment policies and practices throughout the CORPS.

42. Defendants utilized common or substantially similar practices concerning employee scheduling, timekeeping, payroll, compensation, overtime, and recordkeeping.

43. Defendants established and enforced compensation practices applicable to employees throughout the CORPS.

44. Upon information and belief, payroll and/or employee compensation for the CORPS. was processed, administered, reviewed, approved, or controlled through common personnel, accountants, bookkeepers, payroll providers, and/or management.

45. Defendants shared employee information and employment records among the CORPS.

46. Defendants transferred, assigned, loaned, and/or directed employees between the CORPS. locations depending upon staffing and operational needs.

47. Employees could be instructed to perform work at the CORPS. location different from the location at which they were originally hired.

48. Defendants treated employees working at the CORPS. as a common labor pool available to perform work for the benefit of the CORPS. enterprise.

49. An employee's work for one the CORPS. directly benefited the enterprise and the Defendants collectively.

50. Defendants did not treat an employee's transfer or assignment from one location of the CORPS. to another as the termination of one employment relationship and commencement of an

entirely new employment relationship. Instead, employees could continue performing substantially the same work, under substantially the same ownership and management, regardless of which the CORPS. location they were assigned to work.

51. Upon information and belief, the CORPS. additionally shared and/or coordinated vendors, suppliers, food and beverage purchasing, equipment, inventory, marketing, administrative services, accounting services, and/or other operational resources.

52. The Corporate Defendants therefore did not operate as four genuinely independent businesses with respect to the employment practices at issue herein, but rather constituted components of a unified corporate enterprise.

53. The related activities of the Corporate Defendants were performed through unified operation and/or common control and for the common business purpose of operating Defendants' the CORPS. business for profit.

54. Accordingly, the Corporate Defendants constituted a single enterprise within the meaning of 29 U.S.C. § 203(r).

55. The CORPS. exercise sufficient control of the operations of the Plaintiffs so as to be an "employer" of Plaintiffs under FLSA 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

56. At all relevant times, Defendants employed more than two persons and have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

57. Upon information and belief, during each of the three years preceding the date of this complaint, Defendants have had gross revenues in excess of $500,000 per year.

58. At all relevant times, Defendants had, and continue to have, employees handle and/or work on goods or materials that have been moved in, or produced, for commerce.

59. At all relevant times, Plaintiffs, in their work for Defendants, have handled and worked

on goods or materials that have been moved in, or produced, for commerce.

60. At all relevant times, the CORP. was an "enterprise engaged in commerce or in the production of goods for commerce" under FLSA 29 U.S.C. § 203.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

61. Plaintiffs bring these claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 216(b), on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is three years before the filing of the Complaint in this case as defined herein ("Collective Plaintiffs").

62. At all relevant times, Plaintiffs and the other Collective Plaintiffs are, and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them one and one half times their hourly rate for work in excess of forty (40) hours per workweek. The claims of Plaintiffs stated herein are essentially the same as those of the other Collective Plaintiffs.

63. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 16(b) of the FLSA, 29 U.S.C. 216(B). The Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the Collective Plaintiffs via first class mail to the last address known to Defendants.

64. The named Plaintiffs are representative of those other workers and is acting on behalf of Defendants' current and former employees' interest, as well as his own interest in bringing this action.

## CLASS ACTION ALLEGATIONS

65. Plaintiffs also bring their N.Y. Lab. Law claims pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at any New York location on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

66. All said persons, including Plaintiffs, are referred to herein as the "Class" or the "Rule 23 Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under the F.R.C.P. 23.

67. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) members of the Class.

68. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

69. Plaintiffs are able to fairly and adequately protect the interests of the Class and have no

interests antagonistic to the Class. Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

70. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. In addition, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

71. Upon information and belief, Defendants and other employers throughout the state violated the New York Labor Law. Current employees are often afraid to assert their rights out of fear

of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

72. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a) Whether Plaintiffs and the Rule 23 Class are non-exempt from entitlement to overtime compensation for all hours worked in excess of 40 hours per week;

b) What policies, practices and procedures Defendants implemented regarding payment of overtime compensation, spread of hours, and breaks and meal periods;

c) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class overtime compensation for all hours worked in excess of forty (40) hours per week within the meaning of the NYLL Article 19 § 650 *et seq*. and the supporting NYDOL Regs., 12 N.Y.C.R.R. Part 142;

d) Whether Defendants failed to pay Plaintiffs and the Rule 23 Class spread of hours pay by failing to pay an additional hour's pay when they worked more than ten (10) hours in a day, as provided by 12 N.Y.C.R.R. sect. 142-2.4;

e) Whether Defendants failed to provide Plaintiffs and the Rule 23 Class breaks and meal periods in violation of NYLL sect. 162(4);

e) Whether Defendants wrongfully interfered with the rights of Plaintiffs and the Rule 23 Class to immediate possession of earned wages and, thus, engaged in unlawful conversion of their compensation;

f) The nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the Class; and

g) Whether Defendants failure to pay Plaintiffs and the Rule 23 overtime compensation for all hours worked in excess of forty (40) hours per week, spread of hours pay was done willfully or with reckless disregard for the applicable federal and state wage and hours laws, and whether Defendants' failure to afford proper meal and break period was done willfully or with reckless disregard for the applicable federal and state wage and hours laws.

**STATEMENT OF FACTS**

73. ALBERTO is employed by Defendants as a food preparer at their East Northport and occasionally their Patchogue location from 2023 to the present.

74. ALBERTO generally worked over 51 hours a week in 2023-2024; generally, over 70 hours a week in 2024 to April 2026; and generally, over 60 hours a week thereafter.

75. ALBERTO was told he was paid an hourly rate as follows: 2023-2024: $16.00/hr; 2025: $16.50; and 2026: $18.00/hr. His hours were generally shaved off about 1-2 hours a week.

76. ALBERTO's was paid by check and cash. He was paid in checks, generally, for the first 40 hours worked in a workweek, and his overtime hours in cash, with no overtime premium.

77. In the pay period of April 14, 2024 to April 18, 2024, ALBERTO worked about 72 hours but was only paid $640 by check and about $495.50 in cash for that week. ALBERTO was not paid an overtime premium for that workweek.

78. The paystubs provided to ALBERTO were false and failed to properly account for wages paid or hours worked.

79. HENRY was employed by Defendants' as a food preparer and dishwasher, at their location at their East Northport and Patchogue locations from 2024 to 2026.

80. HENRY generally worked over 41 hours a week in 2024; and generally over 68 hours a week in 2025 to 2026.

81. HENRY was told he was paid an hourly rate as follows: 2024: $16.50/hr; 2025: $18.00/hr. His hours were generally shaved off about 1-2 hours a week.

82. HENRY was paid by check and cash. He was paid in checks, generally, for the first 40 hours worked in a workweek, and his overtime hours in cash, with no overtime premium.

83. In the pay period of February 3, 2025 to February 90, 2025, HENRY worked about 70 hours but was only paid $660 by check and about $297.00 in cash for that week. HENRY was not paid

an overtime premium for that workweek.

84. The paystubs provided to HENRY were false and failed to properly account for wages paid or hours worked.

85. Plaintiffs did not supervise any other employee and had no supervisory authority whatsoever over any other person.

86. While Plaintiffs and Collective and Class plaintiffs, worked in excess of forty hours a week, Defendants willfully failed to pay them minimum wage and overtime compensation for overtime hours worked.

87. Also, Plaintiffs and Collective and Class plaintiffs, typically worked more than ten hours each day during the week, yet Defendants willfully failed to pay them spread of hours wages.

88. When Defendants hired Plaintiffs, and Collective and Class plaintiffs, they never furnished them with a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

89. Defendants never paid Plaintiffs, and Collective and Class plaintiffs, wages with a pay statement containing the following information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances.

90. Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the NYLL.

91. During all relevant times, Defendants failed to maintain accurate and sufficient records.

92. Defendants knew that nonpayment of overtime would economically injure Plaintiffs, the FLSA Collective Plaintiffs and members of the Class, and violated State and Federal laws.

93. Defendants committed the following acts against Plaintiffs, the FLSA Collective Plaintiffs and members of the Class knowingly, intentionally and willfully.

**FIRST CLAIM FOR RELIEF**
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq*.**
**Brought by Plaintiffs on Behalf of Themselves**
**And the FLSA Collective Plaintiffs)**

94. Plaintiffs, on behalf of themselves, the Class and other FLSA Collective Plaintiffs, reallege and incorporate by reference all previous paragraphs.

95. Defendants never provided Plaintiffs with notice that any tips would be used as a credit against wages.

96. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for those hours worked in excess of forty hours per workweek.

97. At all relevant times, Defendants have and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the Plaintiff and FLSA Collective Plaintiffs at one and one half times their regular rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

98. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiffs and the FLSA Collective Plaintiffs at the required overtime rate of one and a half times their regular rate for hours worked in excess of forty (40) hours per workweek.

99. Plaintiffs, on behalf of themselves and the FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as

provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(New York Overtime Violations)**
**(New York Minimum Wage Act, N.Y. Stat. §§ 650 et seq.,**
**N.Y. Comp. Codes R. & Regs. Tit. 12, § 142 – 2.2 and 146-1.4**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

100. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

101. Defendants willfully violated Plaintiffs' rights by failing to pay them, and the Class, overtime compensation at a rate of not less than one-half times his hourly wage for each hour worked in excess of forty hours per workweek, violating 12 N.Y.C.R.R. §§ 146-1.4, 142-2.2.

102. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and- post judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**THIRD CLAIM FOR RELIEF**
**(New York Notice Requirements)**
**(N.Y. Lab. L. §§195 and 198 Brought by Plaintiffs on Behalf of Themselves and the Class)**

103. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

104. Defendants failed to furnish to Plaintiffs at the time of hiring a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything

otherwise required by law; in violation of N.Y. Lab. Law § 195(1) and 12 N.Y.C.C.R. § 146-2.2.

105. The written notices serve as a means of apprising employees of their rights and of their employer's obligations towards them, empowering employees to advocate for themselves. Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

106. Due to Defendants' violating N.Y. Lab. Law § 195(1), Plaintiffs, and the Class, are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00 per Plaintiff, reasonable attorney's fees, and costs and disbursements of this action under N.Y. Lab. Law § 198(1-b).

**<u>FOURTH CLAIM FOR RELIEF</u>**
**(New York Wage Statement Requirements)**
**(N.Y. Lab. L. §195 and N.Y. Comp. Code R. & Regs. 12, § 146-2.3**
**Brought by Plaintiffs on Behalf of Themselves and the Class)**

107. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

108. Defendants paid Plaintiffs, and the Class, wages, either by cash, or with a pay stub containing the following missing and/or willfully incorrect information: employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions, and/or itemized allowances, violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3.

109. Additionally, Defendants are required to keep records for six years, which must include accurate records of employer's name, address and phone number, employee's name, dates covered by payment, basis of payment, hours worked, regular rates of pay, overtime rates of pay, gross and net wages, itemized deductions and/or itemized allowances.

110. Despite its obligations, Defendants failed to keep records in accordance with 12 N.Y.C.C.R. § 146-2.1.

111. The wage statements serve as a means of apprising employees of their rights and of their employers' obligations towards them, empowering employees to advocate for themselves. Denying Plaintiffs such notice impinged on Plaintiffs' interests in not only in being paid what is owed, but also in being able to advocate for the receipt of proper pay.

112. Due to Defendants violating N.Y. Lab. Law § 195(3) and 12 N.Y.C.C.R. § 146-2.3, Plaintiffs are entitled to recover from Defendants liquidated damages, up to a maximum of $5,000.00, reasonable attorney's fees, and costs and disbursements of the action, pursuant to N.Y. Lab. Law § 198(1-d).

**FIFTH CLAIM FOR RELIEF**
**(Civil Damages for Fraudulent Filing of Returns)**
**(U.S. Code § 7434)**

113. Plaintiffs, on behalf of themselves, and the Class, and other FLSA Collective Plaintiffs reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

114. Defendants paid Plaintiffs by check "off the books" without a paystub. Such "off the book" payments failed to mandatorily withhold for Federal Income Tax, N.Y.S. Income Tax, Social Security, and Medicare, and Defendants failed to properly pay the payroll taxes (employer expenses) for those cash payments like Social Security, Medicare, Federal Unemployment (FUTA), N.Y.S. Unemployment Insurance (SUI), N.Y. Reemployment, N.Y. Metropolitan Transportation, Mobility Tax (MCTMT), and N.Y. Disability Benefits (SDI).

115. Defendants are required to report all wages paid to employees to the IRS and furnish each employee an IRS Form W-2 indicating those wages Defendant reported to the IRS for that employee. Defendants are then required to file Form W-3 (Transmittal of Income and Tax Statements) which lists the employee information provided in Form W-2. The W-3 is initially filed with the Social Security Administration, who forwards it to the IRS. The IRS verifies the accuracy of the W-3 with the W-3's and provides a reconciliation of the quarterly tax payments for the year.

116. Defendants are also required to file their quarterly taxes with NY State (NYS-45 or NYS-45-ATT) and the IRS (Form 941) indicating all employee wages paid. Defendants are required to list each employee and indicate their wages paid on their yearly tax returns – those wages listed must align with the W-2's issued.

117. The wages Defendants paid "off the books" in cash to Plaintiffs were not included in the wages identified in the IRS Tax Form W-2. Defendants knew they made cash payments to Plaintiffs and further knew those payments should have been included on the W-2's issued to Plaintiffs and reflected on Defendants income tax returns. Accordingly, Defendants filed income tax returns, and those W-2's and W-3's filed thereto, they knew to be false, as those returns contained false statements.

118. Accordingly, Defendants have fraudulently and willfully filed income tax returns for those years that Plaintiffs were employed by them and are therefore liable to Plaintiffs thereof.

119. Plaintiffs have mailed this Complaint to the Internal Revenue Service in compliance with 26 USC § 7434(d).

**SIXTH CLAIM FOR RELIEF**
**(New York Lab. Law Spread of Hours Provisions)**
**(N.Y. Lab. L. § 650 *et seq*., and N.Y. Comp. Code R. & Regs. Tit. 12, § 142-2.4(a), 142-2.18 and 146-1.6 Brought by Plaintiff on Behalf of Himself and the Class)**

120. Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

121. Plaintiffs and the Class regularly had workdays that lasted more than ten (10) hours.

122. Defendants willfully and intentionally failed to compensate Plaintiffs and the Class one hour's pay at the basic New York minimum hourly wage rate when their workdays exceeded ten (10) hours, violating New York's spread of hours compensation regulations under 12 N.Y.C.C.R. § 146-1.6.

123. As a result of Defendants' willful and unlawful conduct, Plaintiffs and the Class are

entitled to an award of damages, including liquidated damages, in amount to be determined at trial, pre- and post-judgment interest, costs and attorneys' fees, as provided by N.Y. Lab. Law § 663.

**SEVENTH CLAIM FOR RELIEF**
**(New York Lab. Law and No Wage Theft Loophole Act & Gap Pay Violations)**
**(New York Labor Law §§191, 193, 198 and 663 et seq. Brought by Plaintiffs on Behalf of Himself and the Class)**

124. Plaintiffs, on behalf of themselves and the Class, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

125. At all relevant times, Plaintiffs are entitled to be paid for all time worked under N.Y. Lab. Law §§191, 193, 198, and 663.

126. Plaintiffs and the Class performed compensable work that went uncompensated because of Defendants time shaving policy. As such, Defendants knowingly did not pay Plaintiffs for all hours worked, including those under and over 40 hours worked in a workweek.

127. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, an amount to be determined at trial, pre- and post-judgment interest, costs and attorney's fees, as provided by N.Y. Lab. Law §§191, 193, 198 and 663.

**EIGHTH CLAIM FOR RELIEF**
**(Failure to Provide Proper Meal Periods)**

128. Plaintiffs, on behalf of themselves, the Class, and other FLSA Collective Plaintiffs, reallege and incorporate by reference all preceding paragraphs as if they were set forth again herein.

129. Plaintiffs, worked shifts of more than six (6) hours that extended over the noon day meal period. Additionally, Plaintiffs, and upon information and belief, began work prior to 11:00 am. and worked past 7:00 p.m.

130. However, Defendants failed to provide Plaintiffs, and, upon information, with at least two (2) separate meal periods, one between 11:00 a.m. and 2:00 p.m. and the second

between 5:00 p.m. and 7:00 p.m., in violation of NYLL §§ 162(2) & (3).

131. Upon information and belief, the New York Commissioner of Labor did not issue authority to Defendants to provide shorter meal periods, or no meal periods at all, to Plaintiffs pursuant to NYLL § 162(5).

132. By the foregoing reasons, Defendants are liable to Plaintiffs, and those individuals similarly situated, in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray this Court grant as relief the following:

a. To designate this action as a class action and/or a collective class, and appoint the plaintiffs and the plaintiffs' attorneys to represent the class members;

b. Declaring that the practices complained of herein are unlawful under the FLSA and the N.Y. Lab. Law;

c. Awarding all unpaid compensation due under the FLSA and NYLL;

d. Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage and overtime compensation, under the FLSA;

e. Awarding Plaintiffs an award of unpaid minimum wage, overtime, gap time, and spread of hours, under the N.Y. Lab. Law;

f. Awarding Plaintiffs liquidated damages due to Defendants' willful failure to pay minimum wage, overtime, gap time and spread of hours under the N.Y. Lab. Law;

g. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish a notice at the time of hiring under the N.Y. Lab. Law;

h. Awarding Plaintiffs liquidated damages as a result of Defendants' failure to furnish correct statements with each payment of wages under the N.Y. Lab. Law;

i. Awarding Plaintiffs damages for all causes of action asserted herein;

j. Awarding Plaintiffs damages for Defendants filing of false tax returns;

k. Awarding Plaintiffs pre-judgment interest;

l. Awarding Plaintiffs post-judgment interest;

m. Awarding Plaintiffs' attorneys fees and costs; and

n. Granting such other and further relief as this Court deems just and proper.

Dated: October 7, 2026

By:___/s/_______________

Marcus Monteiro
*mmonteiro@mflawny.com*
**MONTEIRO & FISHMAN LLP**
91 N. Franklin Street, Suite 108
Hempstead, New York 11550
Telephone: (516) 280.4600
Facsimile: (516) 280.4530
mmonteiro@mflawny.com
*Attorneys for Plaintiff*
*Collective Plaintiffs*
*and Class Plaintiffs*